

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2005

# Prime Ins Syndicate v. Phila Mtr World Auto

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4186

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Prime Ins Syndicate v. Phila Mtr World Auto" (2005). *2005 Decisions*. Paper 892.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/892

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-4186
_____

PRIME INSURANCE SYNDICATE

v.

PHILADELPHIA MOTOR WORLD AUTO SERVICE;
DAISY JENKINS; DAVID JENKINS;
LASTARZA JEFFERSON; YVONNE MACKAY


Daisy Jenkins, David Jenkins and Lastarza Jefferson,

Appellants

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cv-07890)
District Judge:  Honorable Harvey Bartle, III
_____

Submitted Under Third Circuit LAR 34.1(a)
June 30, 2005

Before:  NYGAARD, SMITH and FISHER, *Circuit Judges*.

(Filed July 7, 2005)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Plaintiff Prime Insurance Syndicate ("Prime Insurance") instituted the underlying declaratory judgment action, seeking a declaration that it had no contractual obligation to defend its insured or to provide its insured, Philadelphia Motor World Service ("PMW"), an automobile repair business, with coverage related to an accident in which a PMW employee test-driving a customer's car allegedly injured two women. The United States District Court for the Eastern District of Pennsylvania granted summary judgment to Prime Insurance. The two women – Daisy Jenkins and Lastarza Jefferson – and Ms. Jenkins' husband, David Jenkins, as named defendants below ("Appellants"), have appealed.[1] We will affirm. As the facts and proceedings below are known to the parties, we focus here on the rationale for our decision.

I.

We exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and conduct plenary review. Summary judgment is appropriate where the record shows no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Marino v. Industrial Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004). Pennsylvania law applies in this diversity action.

---

[1]Appellants have not appealed from that portion of the District Court's order dismissing the PMW customer/vehicle owner as a defendant. PMW is not a party to this appeal.

2

Appellants advance three arguments why this Court should reverse the order below. First, they contend that a genuine issue of material fact remains in dispute. The record discloses that, after fleeing the scene of the accident, the PMW employee returned briefly to PMW's premises, collected his belongings and fled again, never to be found. PMW's owner testified during deposition that PMW was unable to provide Prime Insurance with the employee's date of birth or driver's license number as required by the insurance policy because it could not locate the file thought to contain such information. He also explained that, around the time of the accident, PMW had a larger service counter built, an activity that caused much disruption and movement of papers as the new counter was organized. PMW's owner speculated that "the only reason we can figure [for not being able to locate the file] is that [it] was there and got thrown in the trash" during the reorganization activity. A. 18. From this evidence, the District Court concluded that "[a]pparently, [the employment file] was discarded in a recent reorganization in PMW's offices." Mem. Op. at 3.

Appellants, however, contend that this evidence gives rise to a factual dispute over the fate of the missing file. They suggest a myriad of possible inferences, including that the file may have been stolen by the fleeing employee or another on his behalf, and argue that such inferences are in turn relevant to whether PMW's failure to provide the requisite information was due to its own lack of diligence or circumstances beyond its control. In

3

our view, however, this is an illusive factual dispute, unsupported by anything in the record other than an overly creative reading of the deposition testimony of PMW's owner. We will not deem summary judgment inappropriate on this basis.

Second, Appellants argue that the record shows PMW substantially complied, or complied to the best of its ability under the circumstances, with the conditions precedent to coverage such that insurance for this accident should exist. On a related note, Appellants argue that Prime Insurance was not prejudiced by PMW's failure to provide the employee's date of birth and drivers' license number. We agree with the District Court, however, that while PMW provided what little information it had, it did not meet the conditions precedent to coverage. And on this record, that failure is attributable to PMW, not to an intervening act of a third party which may have rendered the employer's compliance with the conditions precedent to coverage impossible. Additionally, we believe that prejudice is apparent, as the information requested obviously aids the insurer in assessing coverage and in investigating and defending a claim. That insurers generally are adept at conducting investigations does not preclude a finding of prejudice where otherwise appropriate.

Finally, Appellants argue that the public policy of Pennsylvania mandates that Prime Insurance be forced to provide coverage to them, as innocent injured third parties, under the circumstances of this case. The District Court did not explicitly address this argument, which is the one we find most troubling.

4

Pennsylvania's Act 78 provides that an insurance policy cannot be cancelled except under certain enumerated circumstances. As recognized in *Erie Insurance Exchange v. Lake*, 671 A.2d 681 (Pa. 1996), one of those instances is when an insurer discovers, within 60 days of issuing the policy, that the insured has concealed or misrepresented a fact material to the insurer's acceptance of the risk. The Supreme Court also held in *Erie*, however, that an insurance policy procured by fraud, while able to be cancelled as to the insured who perpetrated the fraud, may not, by reason of public policy, be cancelled or rescinded as to third parties "innocent of trickery, and injured through no fault of their own." *Id*. at 375. *See also State Farm Mut. Auto Ins. Co. v. Armstrong*, 949 F.2d 99 (3d Cir. 1991) (anticipating the holding in *Erie*).

We are constrained to interpret *Erie*'s statement of public policy as derived from the legislative intent that the Supreme Court was able to discern from Act 78, and accordingly conclude that, until the Pennsylvania legislature sees fit to address the present situation, Pennsylvania courts would not mandate coverage for reasons of public policy where coverage does not otherwise exist. *See Czarnecki v. Delco Cab, Inc*., 419 A.2d 139 (Pa. Super. 1980) (refusing in the absence of a clear legislative intent to impose absolute liability on insurer for injury to innocent third parties where taxi company failed to list the injuring vehicle as required by the policy).

Accordingly, we will affirm the order entering summary judgment for Prime Insurance Syndicate.